UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER, #384851

                Plaintiff,                        Case No. 11-13107

v.                                      District Judge Victoria A. Roberts
                                              Magistrate Judge R. Steven

ABIGAIL CALLEJAS, ET AL.,

                Defendants.

_____ /

## REPORT AND RECOMMENDATION RE: DEFAULT JUDGMENT

Plaintiff William Sim Spencer, a prison inmate in the custody of the Michigan Department of Corrections, has filed a *pro se* civil complaint pursuant to 42 U.S.C. § 1983. Before the Court is his motion for default judgment [Doc. #14], directed at Defendants Abigail Callejas, Thomas Combs and Daniel Haynes. Being a dispositive motion, I must address it by way of a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). I recommend that the motion be DENIED.

## I.   FACTS

Plaintiff filed his complaint on July 19, 2011, and an amended complaint on November 21, 2011. On October 24, 2011, the Court extended the time for serving the summons and complaint to December 5, 2011 [Doc. #7]. Defendants Callejas, Combs and Haynes were all served on November 21, 2011 [Doc. #9], making their responsive pleadings due on December 12, 2011. Prior to that date, on December 8, 2011, they requested an extension of time to file responsive pleadings [Doc. #11]. Plaintiff opposed this motion [Doc. #13]. After due consideration by the Court, the motion was granted, giving the Defendants until March 8, 2010 to file a responsive pleading [Doc. #20]. These

-1-

Defendants timely filed a motion to dismiss on March 8, 2010 [Doc. #21].

## II.   DISCUSSION

In order for a Plaintiff to obtain a judgment by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a). A default *judgment* is governed by Rule 55(b)(2). "An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS,* 312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the section of the rule regarding judgment is dealt with in Rule 55(b). These sections have separate headings and procedures that are distinct from one another. Thus, a plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."

> *See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004)

(quoting *Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment.").

In this case, the Clerk has not entered a default under Rule 55(a). For this reason, Plaintiff is not entitled to a default judgment under Rule 55(b).

In addition, and perhaps more obviously, Defendants in fact timely filed a responsive pleading, so there is no basis for either a Clerk's Office entry of default under Fed.R.Civ.P. 55(a) or a default judgment under Rule 55(b).

-2-

### III.   CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Default Judgment [Doc. #14] be DENIED.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: June 25, 2012

-3-

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on June 25, 2012.

William Spencer, #384851                    s/Johnetta M. Curry-Williams
Cooper Street Correctional Facility         Case Manager
3100 Cooper St
Jackson, MI 49201-7545