UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SPENCER,

       Plaintiff,                         No. 11-13107

v.                                         District Judge Victoria A. Roberts
                                             Magistrate Judge R. Steven Whalen
ABIGAIL CALLEJAS, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This is a prisoner's civil rights case, brought under 42 U.S.C. § 1983. Before the Court are two motions to dismiss, one filed by Defendants Abigail Callejas, Daniel Heyns and Thomas Combs [Doc. #21], and the other by Defendant Carl McLellan [Doc. #24]. Both have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that both motions be GRANTED, and that the amended complaint be DISMISSED as to those Defendants.

**I.   FACTS**

       On July 19, 2011, Plaintiff William Sim Spencer, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. On November 21, 2011, he filed an amended complaint [Doc. #8]. Defendant Combs is the Chairperson of the Michigan Parole Board. Defendant Callejas is a Parole Board member. Defendant Heyns is the Director of the MDOC. Defendant McClellan is an Assistant Resident Unit Supervisor ("ARUS") employed by the MDOC.

       The amended complaint is lengthy (50 pages, with 80 pages of exhibits), and, with

its legal arguments and citations of authority, appears at times to more closely resemble a brief than a complaint. However, the amended complaint centers of the Plaintiff's denial of parole and allegations of impropriety at his parole hearing. He is serving eight concurrent sentences of 6 years 8 months to 15 years for each of eight counts of second-degree criminal sexual conduct. He makes the following claims:

(1) That he was denied his First Amendment right by being compelled to acknowledge guilt;

(2) That he was likewise denied his Fifth Amendment right against self-incrimination;

(3) That he was deprived of due process at his parole hearing. *Amended Complaint*, ¶¶ 1-3.

The Plaintiff alleges that he was denied the opportunity to rebut "inaccurate or irrelevant information" at his parole hearing. *Amended Complaint*, ¶¶ 3, 19. The claimed inaccurate information appears to be his presentence investigation report ("PSI") from his criminal cases. *Id*. Plaintiff states, "Since the complaining witness in the criminal conviction never provided a detailed account to test any requisite elements of a criminal statute of which Plaintiff was never ever charged, Plaintiff was denied all opportunity to refute those elements under the 'beyond reasonable doubt' standard of proof." *Id*. ¶ 23. He claims that the PSI was "created by a prison employee." *Id*. ¶ 25.[1]  At ¶ 20, Plaintiff quotes the Parole Board's decision as follows:

> "Please be advised that the voting members based their decision on the existing information within your PSIR regardless of your claim of its inaccuracy.  The Parole Board does not have the authority to make any

---

[1] It is not clear which "prison employee" Plaintiff alleges prepared his PSI Report. However, those reports, which are considered by the sentencing judge, are prepared by the Probation Department. Prison employees do not prepare the reports.

changes to this document.  You[r] need to petition the sentencing court if you feel there are inaccuracies."

Plaintiff further alleges that at the parole hearing, he was "prevented from presenting evidence to demonstrate that he'd never ever been charged with the requisite elements of the criminal statute that the defendants now require him to admit guilt of as a condition precedent to receiving the benefit of parole (the BENEFIT)." *Id*. ¶ 3.

At paragraphs 31 to 47, Plaintiff alleges various defects in his guilty plea and sentencing, including the preparation of an inaccurate PSI, the deficient performance of his lawyer and the lack of evidence to support a conviction.

Plaintiff alleges that because the Parole Board denied parole based at least in part on his refusal to admit guilt, he was denied his "freedom of speech" under the First Amendment and his right not to incriminate himself under the Fifth Amendment. *Amended Complaint*, ¶ 1.  He claims a Due Process violation because the "benefit" of parole was conditioned on his admission of guilt. *Id*. ¶2. He alleges that he has a "liberty interest" or "property interest" in the "benefit" of parole that enjoys the protection of the Due Process clause, and challenges the computation of his Parole Guidelines Score, including the manner in which rules regarding Routine Work Assignment ("RWA") factors were promulgated under State law.  §§ 51-77.  He also challenges certain Parole Board procedures as fostering "arbitrary and discriminatory enforcement...." *Id*. ¶ 8.

Plaintiff seeks a declaratory judgment, injunctive relief (including re-scoring his parole guidelines and a new parole hearing), and monetary damages.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings

are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

556 U.S. at 679 (internal citations omitted).

### III. DISCUSSION

The Plaintiff was sentenced in 2007 to eight concurrent terms of six years, eight months to fifteen years in prison. Under Michigan's indeterminate sentencing scheme, he was eligible for parole consideration on completion of his minimum term, less disciplinary credits. He received a parole hearing in 2011, and the Parole Board denied parole for 24 months, at which time he will be reviewed again. Understandably, he is unhappy that he was denied parole, or "flopped," in prison parlance. However, while he has raised multiple arguments in support of his request for a declaratory judgment, a new

parole hearing and monetary damages, there are multiple reasons why his amended complaint lacks merit and must be dismissed.

## A.    Heck v. Humphrey

Throughout his amended complaint, Plaintiff challenges the validity of his conviction and sentence, including the accuracy of his PSI report, the lack of evidence to support his conviction, the validity of his guilty plea, and the constitutionally deficient performance of his lawyer in the criminal case.  *See* Amended Complaint, ¶¶ 31-47. At ¶ 49, he clearly states:

> "Plaintiff is innocent of, was never ever charged with, the prosecutor proffered no evidence to support, and Plaintiff made no such admission regarding the requisite elements of MCL § 750.520a(Q).  Therefore, Plaintiff has demonstrated a factual basis to support PLAINTIFF'S LIBERTY INTERESTS."

In *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."  512 U.S. at 486-87.   Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750; 124 S.Ct. 1303, 1304 (2004).

As the Board told Plaintiff in rejecting his challenge to his PSI Report, "The Parole Board does not have the authority to make any changes to this document.  You need to

petition the sentencing court if you feel there are inaccuracies." *Amended Complaint*, ¶ 20. If Plaintiff wants to challenge the accuracy of the information on which sentence was imposed, or the validity of his guilty plea, or the length of his sentence, his remedy lies in either collateral State criminal proceedings or a federal habeas petition. Under *Heck*, however, he will find no relief in a § 1983 complaint.

### B. No Liberty Interest in Parole

The Supreme Court has held that *Heck* does not necessarily mandate the dismissal of a challenge to a parole board's actions in every case. In *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005), the Court noted that the plaintiffs' successful challenges to the parole *procedures* would not necessarily result in their release, but rather would give them a new parole eligibility hearing, after which they might or might not be granted parole. *See also Adams v. Agniel,* 405 F.3d 643, 645 (8th Cir. 2005), where the court found that pursuant to *Dotson*, a parole challenge fell "within the narrow class of cases in which a prisoner can file a section 1983 action seeking equitable relief."

However, even though Plaintiff has ostensibly raised challenges to Michigan's parole procedures, he has nonetheless failed to state a viable claim under § 1983. While his amended complaint is suffused with claims that he has been deprived of a "liberty interest" or a "property interest," Plaintiff has no constitutionally protected liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corrections,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The Sixth Circuit has held that "procedural statutes and regulations governing parole do not create federal procedural due process rights," and that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." *Sweeton v. Brown*, 27 F.3d 1162,

1164 -1165 (6th Cir. 1994). The *Sweeton* court also found that as "long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules." *Id.* "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." *Juarez v. Renicom* 149 F.Supp.2d 319, 322 (E.D.Mich. 2001) (internal citations omitted). "The Michigan parole statute does not create a right to be paroled." *Id.*; *Hurst v. Dep't of Corr. Parole Bd.,* 119 Mich.App. 25, 28-29, 325 N.W.2d 615, 616 (1982).

### C. Fifth Amendment

To the extent that the Parole Board considered Plaintiff's refusal to admit guilt, Plaintiff has not shown a Fifth Amendment violation. Plaintiff relies on *King v. Davis,* 688 F. Supp. 2d 689 (E. D. Mich. 2009)(Tarnow, J.), which dealt with a scenario in which an inmate's ineligibility for parole, for all practical purposes, was premised on her refusal to admit responsibility for criminal sexual conduct. The denial of parole was based on her failure to participate in a risk prevention program, a prerequisite for which was a requirement that she admit her guilt. *King* reasons as follows:

> [D]efendant may not condition a benefit on the waiver of constitutionally protected rights, *Perry v. Sindermann,* 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and a false admission of guilt surely would not facilitate the penological goal of rehabilitation. Moreover, there is some disagreement as to whether an inmate's admission of guilt leads to rehabilitation. Although the Supreme Court has stated that "[a]cceptance of responsibility is the beginning of rehabilitation," *McKune v. Lile,* 536 U.S. 24, 47, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002), the Criminal Law Section of the State Bar of Michigan has taken the position that a "prisoner's assertion of innocence should not, standing alone, be a basis for denying parole," because "[t]here is not objective verifiable evidence that an 'assertion of innocence' by an inmate increases the likelihood of recidivism." State Bar of Michigan Public Policy Update, Vol. 6, Issue 47 (Nov. 17-23, 2008).
> *King,* 688 F. Supp. 2d at 692.

The *King* Court also found that the petitioner's Fifth Amendment right against self incrimination could be implicated for future criminal proceedings, noting that there were

-7-

"no statute of limitations for first-degree criminal sexual conduct . . . and there were allegations at Plaintiff's trial that she sexually abused more children than just the complaining witness." *King,* at 692; M.C.L. § 767.24(1).

The reasoning in *King* is inapplicable to the present case for multiple reasons. First, *King* was a habeas action. Plaintiff contends that pursuant to *King,* he possesses a liberty interest in maintaining his innocence without the threat of a parole denial. But this is a pure §1983 action, not a § 2254 habeas action. Under *Greenholtz*, Plaintiff clearly does *not* have a liberty interest in parole that can be vindicated under § 1983. Moreover, in making this argument, he challenges the fact of his conviction and sentence, which is barred by *Heck.* "To the extent Plaintiff challenges the fact or duration of his confinement, however, he has but one remedy: an application for a writ of habeas corpus under § 2254." *Catanzaro v. Harry* 2012 WL 289253, \*6 (W.D.Mich.2012)(citing *Rittenberry v. Morgan,* 468 F.3d 331, 336–37 (6th Cir.2006)).

Second, Plaintiff's argument that his Fifth Amendment right against self incrimination would be violated by his acknowledgment of guilt is without merit. The Fifth Amendment bars the prosecution from compelling a defendant's testimony in a criminal trial or advancing an adverse inference from his decision not to testify. *Kosinski v. C.I.R.*, 541 F.3d 671, 678 (6th Cir. 2008). That proscription on adverse inferences does not apply in a non-criminal case. *Id*. (citing *Baxter v. Palmigiano,* 425 U.S. 308, 318-19, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976)). Nor does it apply in the context of a parole hearing. *Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 286, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (a state clemency board may draw adverse inferences from an inmate's failure to testify on his own behalf at a clemency hearing). *See also Hawkins v. Morse*, 1999 WL 1023780, \*2 (6th Cir. 1999)(unpublished)(court applies *Ohio Adult*

*Parole Auth.* to the Michigan parole system, stating, "[I]t cannot be said that the alleged pressure to admit that he committed the crime for which he is incarcerated in order to improve his chances for parole forces Hawkins to incriminate himself in violation of the Fifth Amendment").

Nor does *King* support Plaintiff's Fifth Amendment claim. In *King,* the finding that the petitioner's Fifth Amendment rights could be implicated by admitting responsibility was based on the likelihood that she faced additional criminal charges arising from the same set of facts upon which she had been convicted. *King,* at 692(citing *Zicarelli v. New Jersey State Comm'n of Investigation,* 406 U.S. 472, 478, 92 S.Ct. 1670, 32 L.Ed.2d 234 (1972)(petitioner's "risk of incriminating herself by admitting guilt is a 'real danger,' not 'a remote and speculative possibility' of prosecution"). In contrast here, Plaintiff has not alleged that he anticipates additional charges or that he would be required to admit to activity beyond that for which he has already been convicted.

### D. First Amendment

A requirement that Plaintiff accept responsibility for his acts as a prerequisite to parole does not result in a First Amendment violation. While "[t]here is no question that inmates retain many of the protections of the First Amendment, such as rights to free expression," *Bazzetta v. McGinnis* 430 F.3d 795, 804 (6th Cir.2005); *Thornburgh v. Abbott,* 490 U.S. 401, 407, 109 S.Ct. 1874, 1878, 104 L.Ed.2d 459 (1989), "the fact of incarceration necessarily imposes 'limitations on constitutional rights, including those derived from the First Amendment.'" *Hall v. Callejas,* 2011 WL 6782146, *4 (W.D.Mich.2011)(citing *Jones v. N.C. Prisoners' Labor Union, Inc.,* 433 U.S. 119, 129, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977)). "A prisoner retains only those First Amendment rights that are not 'inconsistent with his status as a prisoner or with the legitimate

penological objectives of the corrections system.'" *Id.,* (citing *Pell v. Procunier,* 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974)).  "Thus, 'when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'" *Id.,* (citing *Turner v. Safley,* 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)).

"A prison clinical rehabilitation program" for sex crime offenders bears "a rational relation to a legitimate penological objective[.]"    *McKune v. Lile,* 536 U.S. 24, 37-38, 122 S.Ct. 2017, 2027 153 L.Ed.2d 47(2002)(plurality).  Moreover, "'States . . . have a vital interest in rehabilitating convicted sex offenders' and 'acceptance of responsibility for past offenses' is a 'critical first step' in a prison's rehabilitation program for such offenders[.]" *Hall,* at *5 (citing *McKune,* 536 U.S. at 33, 122 S.Ct. 2017).  As such, the MDOC risk reduction program's requirement that an inmate convicted of sexual offenses take responsibility for his actions "survives First Amendment scrutiny because it is reasonably related to a legitimate penological interest."  *Id.*; *See also Newman v. Beard,* 617 F.3d 775, 781 (3rd Cir. 2010)(citing *Herrera v. Collins,* 506 U.S. 390, 399–400, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993))( because the plaintiff "no longer 'comes before the Court as one who is innocent, but, on the contrary, as one who has been convicted by due process,' [i]t follows that the prison may structure its treatment programs and pursue legitimate penological objectives from that standpoint").

### E.    No Supervisory Liability for Heyns and Combs

Defendants Heyns (Director of the MDOC) and Combs (Chair of the Michigan Parole Board) argue that they should be dismissed because they are not subject to supervisory liability under § 1983.  Based on the above discussion, there has been no constitutional violation, so these Defendants would have no liability in any case.

Nevertheless, their argument regarding supervisory liability is well taken.

In *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978), the Supreme Court specifically held that in a §1983 action, liability cannot be based on a theory of *respondeat superior*, or mere supervisory liability. *See also Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)(at a minimum, a § 1983 plaintiff must show that a supervisory official at least impliedly authorized, approved and knowingly acquiesced in the unconstitutional conduct of the offending subordinate). Supervisory liability under § 1983 is precluded even if the supervising entity is aware of improper activity of its subordinates and fails to act; it must be shown that the supervisory officials "actively participated in or authorized" the illegal activity. *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The Plaintiff in a § 1983 case must clearly show that a named defendant was personally involved in the allegations underlying the Complaint. *Rizzo v. Goode*, 423 U.S. 362, 96 (1976); *Bellamy, supra*.

Apart from the fact that there is no underlying constitutional violation, Heyns and Combs would be subject to dismissal under *Monell*, as well as for lack of any active personal involvement.

## IV.   CONCLUSION

For these reasons, I recommend that the motion to dismiss filed by Defendants Abigail Callejas, Daniel Heyns and Thomas Combs [Doc. #21] be GRANTED and the motion to dismiss filed by Defendant Carl McLellan [Doc. #24] also be GRANTED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further

right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 19, 2012

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on December 19, 2012.

s/Eddrey Butts
Case Manager