UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,

    Plaintiff,                      No. 11-13107

v.                               District Judge Victoria A. Roberts
                                 Magistrate Judge R. Steven
ABIGAIL CALLEJAS, ET AL.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff William Sim Spencer's Motion for Preliminary Injunction Regarding Plaintiff's Property [Doc. #31], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

### I. BACKGROUND

Plaintiff pled guilty in State court to eight counts of second degree criminal sexual conduct, and was sentenced to eight concurrent prison terms of six years, eight months to fifteen years each. His present case centers on his denial of parole.

In the present motion, Plaintiff challenges what he refers to as his "guilty plea / adhesion contract." *Brief in Support of Motion* [Doc. #31], 8. He frames the issues in his motion as whether he has a "federal Constitution protection of a property interest in the terms agreed to by the parties in the making of the guilty plea / adhesion contract," and whether the Defendants are "violating that property interest by requiring Plaintiff to admit guilt of additional criminal acts. *Id.* He also challenges aspects of Michigan parole procedure. *Id.*, at 8-9. He asks that the Court order Defendants to "cease and desist"

denying him mental health treatment, demanding that he admit guilt, and "requiring prisoners to forfeit their valid contractual expectancy under a guilty plea / adhesion contract...." *Id*. at 19. He also asks the Court to order Defendants to correct MDOC records and to order a new parole hearing at which the Parole Board would be precluded from considering a presentence investigation report that he considers erroneous. *Id.*

## II.   STANDARD OF REVIEW

Generally, in determining whether to grant injunctive relief, a court must examine and weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Government*, 305 F.3d 566, 573 (6th Cir. 2002); *McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997) (*en banc*). "These factors are not prerequisites, but are factors that are to be balanced against each other." *Overstreet*, 305 F.3d at 573.

Notwithstanding this balancing approach, however, the likelihood of success and irreparable harm factors predominate. Thus, "[a]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. National Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997) ("While, as a general matter, none of these four factors are given controlling weight, a preliminary injunction issued where there is simply no likelihood of success on the merits must be reversed.").

Plaintiffs bear the burden of demonstrating their entitlement to a preliminary injunction, and their burden is a heavy one. "A preliminary injunction is an extraordinary

remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet , supra,* at 573.  "[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000).  Thus, plaintiffs may not merely point to genuine issues of material fact which exist, but must affirmatively demonstrate their entitlement to injunctive relief.

### III.    DISCUSSION

To again quote *Gonzales, supra*, "a finding that there is simply no likelihood of success on the merits is usually fatal" to a motion for injunctive relief. On December 19, 2012, I filed a Report and Recommendation that the amended complaint be dismissed. *See* Doc. #36. This doesn't bode well for Plaintiff's likelihood of success.

It is clear from both the amended complaint and the present motion that Plaintiff is challenging his guilty plea. The vehicle for such challenge is either a State collateral criminal proceeding or a habeas corpus action under 28 U.S.C.  § 2254.  A challenge to a conviction or sentence may not be brought in the context of a  § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 487,114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Moreover, as fully explained in my previous Report and Recommendation [Doc. #36], Plaintiff does not have a constitutionally protected "property interest" in parole. *See Greenholtz v. Inmates of Nebraska Penal & Corrections,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Sweeton v. Brown*,  27 F.3d 1162, 1164 -1165 (6th Cir. 1994).

As to Plaintiff's request that the Defendants cease denying him mental health treatment, this Court is ill-equipped to micro-manage medical treatment or second-guess medical decisions of prison personnel. *See Bruce v. Ylst,* 351 F.3d 1283, 1290 (9th

Cir.2003) ("[F]ederal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which we are ill equipped"). *See also Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 227, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977)("Because the realities of running a penal institution are complex and difficult, we have also recognized the wide-ranging deference to be accorded the decisions of prison administrators.").[1]

Given the almost certain probability of Plaintiff's failure on the merits, it is not necessary to discuss the other *Overstreet* factors. The Plaintiff has not met his substantial burden of showing entitlement to the extraordinary remedy of injunctive relief, and therefore his motion should be denied.

## IV.   CONCLUSION

For these reasons, I recommend that Plaintiff's Motion for Preliminary Injunction Regarding Plaintiff's Property [Doc. #31] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise

---

[1] In alleging that he is being denied treatment because he refuses to admit guilt, he is apparently talking about sex offender therapy. However, as discussed in my previous Report and Recommendation, the MDOC's requirement that an inmate convicted of sexual offenses take responsibility for his actions by admitting guilt is constitutionally permissible. *See Hall v. Callejas,* 2011 WL 6782146, *4 (W.D.Mich.2011), citing *McKune v. Lile,* 536 U.S. 24, 37-38, 122 S.Ct. 2017, 2027 153 L.Ed.2d 47(2002)(plurality).

others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: December 20, 2012

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and  by electronic means or U.S. Mail on December 20, 2012.

s/Eddrey Butts
Case Manager