UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM SIM SPENCER,

    Plaintiff,                                  No. 11-13107

v.                                          District Judge Victoria A. Roberts
                                                    Magistrate Judge R. Steven
ABIGAIL CALLEJAS, ET AL.,

    Defendants.
_____/

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff William Sim Spencer's Motion for Partial Summary Judgment [Doc. #28], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be DENIED.

### I.   BACKGROUND

On July 19, 2011, Plaintiff William Sim Spencer, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. On November 21, 2011, he filed an amended complaint [Doc. #8]. Defendant McClellan is an Assistant Resident Unit Supervisor ("ARUS") employed by the MDOC. The amended complaint centers of the Plaintiff's denial of parole and allegations of impropriety at his parole hearing.

Plaintiff alleges that Defendant McClellan prevented him from challenging inaccurate information at his parole hearing. Plaintiff's core claim against McClellan is set forth at ¶ 48 of the amended complaint, where he alleges that McClellan's:

"actions if refusing to allow an opportunity for Plaintiff to challenge the

-1-

> requirement that he falsely admit guilt of requisite elements of a criminal statute of which he was never ever charged, to present the actual court records that support Plaintiff's claim, and to present additional information on his behalf to establish his satisfactory completion of RWAs denied Plaintiff of his right to due process and equal protection of the law in violation of U.S. Const. Am. XIV and denied him of his right to fair and just treatment in violation of Const. 1963, Art. 1, § 17."

On December 19, 2012, I filed a Report and Recommendation that motions to dismiss filed by Defendant McClellan, as well as Defendants Callejas, Combs and Haynes, be granted, and that the amended complaint be dismissed as to those Defendants. *See* Doc. #36.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990). Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no

genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

Once the moving party in a summary judgment motion identifies portions of the record which demonstrate the absence of a genuine dispute over material facts, the opposing party may not then "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact," but must make an affirmative evidentiary showing to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The non-moving party must identify specific facts in affidavits, depositions or other factual material showing "evidence on which the jury could *reasonably* find for the plaintiff." *Anderson*, 477 U.S. at 252 (emphasis added). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

### III.  DISCUSSION

The gist of Plaintiff's claim against Defendant McClellan is that his actions violated Plaintiff's due process rights at his parole hearing. His specific facts and arguments regarding his due process claims were set forth in my previous Report and Recommendation [Doc. #36], and need not be repeated here, other than to note that the amended complaint is suffused with claims that he has been deprived of a "liberty interest" or a "property interest" in parole. As I fully explained in my previous Report and Recommendation:

> "Plaintiff has no constitutionally protected liberty interest in parole.
> *Greenholtz v. Inmates of Nebraska Penal & Corrections,* 442 U.S. 1, 99
> S.Ct. 2100, 60 L.Ed.2d 668 (1979).  The Sixth Circuit has held that
> 'procedural statutes and regulations governing parole do not create federal
> procedural due process rights,' and that '[t]he Michigan procedural
> limitations do not detract from the broad powers of the Michigan authorities
> to deny parole.' *Sweeton v. Brown*,  27 F.3d 1162, 1164 -1165 (6th Cir.
> 1994).  The *Sweeton* court also found that as 'long as the parole discretion

is broad, as in Michigan, "the State has not created a constitutionally protected liberty interest" by enacting procedural rules.' *Id.* 'In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board.' *Juarez v. Renicom* 149 F.Supp.2d 319, 322 (E.D.Mich. 2001) (internal citations omitted). 'The Michigan parole statute does not create a right to be paroled.' *Id.*; *Hurst v. Dep't of Corr. Parole Bd.,* 119 Mich.App. 25, 28-29, 325 N.W.2d 615, 616 (1982)." *Report and Recommendation* [Doc. #36], at 6-7.

For the same reasons that I recommended dismissing the complaint as to Defendant McClellan, I recommend that Plaintiff's motion for partial summary judgment be denied.[1]

## IV. CONCLUSION

I recommend that Plaintiff's Motion for Partial Summary Judgment [Doc. #28] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir.

---

[1] I also recommended that the amended complaint be dismissed on the basis of *Heck v. Humphrey*, 512 U.S. 477, 487,114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), in that the "inaccurate information" of which Plaintiff complains pertained to the validity of his conviction and sentence. Paragraph 49 of the amended complaint states:

> "Plaintiff is innocent of, was never ever charged with, the prosecutor proffered no evidence to support, and Plaintiff made no such admission regarding the requisite elements of MCL § 750.520a(Q). Therefore, Plaintiff has demonstrated a factual basis to support PLAINTIFF'S LIBERTY INTERESTS."

1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                      s/R. Steven Whalen
                                                      R. STEVEN WHALEN
                                                      UNITED STATES MAGISTRATE JUDGE

Dated: December 20, 2012

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on December 20, 2012.
> 
>                                       s/Eddrey Butts
>                                         Case Manager